IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-00374-RMR-KLM

HEXACTA, S.A., an Argentinian corporation,

    Plaintiff,

v.

CLOUDX TECH, INC., a Colorado corporation,

    Defendant.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant's **Motion to Dismiss Complaint Under Fed. R. Civ. P. 12(b)(2) for Lack of Personal Jurisdiction or, Alternatively, for Failure to State a Legal Claim, and to Stay Discovery Pending Decision on Motion** [#12] (the "Motion").[1]  Plaintiff filed a Response [#13] in opposition to the Motion [#12], and Defendant filed a Reply [#14].  Pursuant to 28 U.S.C. § 636(b) and D.C.COLO.LCivR 72.1(c), the Motion [#12] has been referred to the undersigned for a recommendation regarding disposition.  *See* [#25].  The Court has reviewed the briefs, the entire case file, and the applicable law, and is sufficiently advised in the premises.  For the reasons set forth below, the Court respectfully **RECOMMENDS** that the Motion [#12] be **DENIED**.

**I. Background**

---

[1] The Court previously ordered separate briefing on the stay issue and granted this request at Order [#20].  *See Minute Order* [#16].  Thus, the request to stay discovery pending decision on the present Motion [#12] is not at issue in this Recommendation.

In this diversity action, Plaintiff Hexacta, S.A. ("Plaintiff"), an Argentinian corporation, brings claims against Defendant CloudX Tech, Inc. ("Defendant"). *See generally Am. Compl.* [#5]. Defendant is a United States corporation whose specific state of incorporation is addressed below.

Defendant is a software development company that employs computer programmers and engineers. *Id.* at 2 ¶ 8. Plaintiff's claims are based on Defendant's hiring of Argentinian computer programmers and engineers who left Plaintiff's corporation to work for Defendant's corporation. *Id.* at 7 ¶ 31. Plaintiff asserts that Defendant violates Argentinian currency exchange laws by paying its Argentinian employees in United States dollars. *Id.* at 6 ¶ 27. Plaintiff alleges that this purportedly illegal practice allows Defendant to hire away Plaintiff's employees by offering them substantially higher pay due to the difference in the official exchange rate and the black market exchange rate of the U.S. Dollar to the Argentine Peso. *Id.* at 5-7 ¶¶ 22-31. Plaintiff also alleges that Defendant's actions intentionally and improperly interfere with Plaintiff's contracts with its employees. *Id.* at 9 ¶¶ 39-42.

After Plaintiff filed its Amended Complaint [#5], Defendant filed the instant Motion [#12] arguing that the case must be dismissed under Fed. R. Civ. P. 12(b)(2) due to lack of personal jurisdiction, or alternatively, under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. *Motion* [#12] at 1.

## II.  Standard of Review

### A.   Fed. R. Civ. P. 12(b)(2)

Federal Rule of Civil Procedure 12(b)(2) provides that a defendant may move to

dismiss a complaint for "lack of personal jurisdiction." "The district court is given discretion in determining the procedure to employ in considering a motion to dismiss for lack of personal jurisdiction." *Fed. Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992) (internal quotations and citation omitted). A plaintiff bears the burden of establishing personal jurisdiction over a defendant. *Behagen v. Amateur Basketball Ass'n of the U.S.*, 744 F.2d 731, 733 (10th Cir. 1984). Before trial, a plaintiff need only make a prima facie showing of jurisdiction. *Id.* The Court accepts the well-pled allegations (namely, the plausible, nonconclusory, and nonspeculative facts) of the operative pleading as true to determine whether the plaintiff has made a prima facie showing that the defendant is subject to the Court's personal jurisdiction. *Dudnikov v. Chalk & Vermillion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008). The Court "may also consider affidavits and other written materials submitted by the parties." *Impact Prods., Inc. v. Impact Prods., LLC*, 341 F. Supp. 2d 1186, 1189 (D. Colo. 2004). However, any factual disputes are resolved in the plaintiff's favor. *Benton v. Cameco Corp.*, 375 F.3d 1070, 1074-75 (10th Cir. 2004).

**B.    Fed. R. Civ. P. 12(b)(6)**

When deciding a motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Mink v. Knox*, 613 F.3d 995, 1000 (10th Cir. 2010). Courts should look to the specific allegations of the complaint to determine whether they plausibly support a legal claim for relief. *Alvarado v. KOB–TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007). That

is, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *TON Servs., Inc. v. Qwest Corp.*, 493 F.3d 1225, 1235 (10th Cir. 2007). The complaint must sufficiently allege facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed. *Lane v. Simon*, 495 F.3d 1182 (10th Cir. 2007). As the Tenth Circuit has explained, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). Additionally, a court evaluating a complaint tested by a motion to dismiss may only consider the complaint and any documents attached to it as exhibits. *Hall v. Bellmon*, 935 F.2d 1106, 1112 (10th Cir. 1991); *see also Erickson*, 551 U.S. at 94 (evaluating sufficiency of complaint by reference only to the allegations of the complaint).

### III.  Analysis

**A.     Fed. R. Civ. P. 12(b)(2)**

The exercise of personal jurisdiction over a non-resident defendant must satisfy the requirements of the forum state's long-arm statute as well as constitutional due process requirements. *Doe v. Nat'l Med. Servs.*, 974 F.2d 143, 145 (10th Cir. 1992). "Because Colorado's long-arm statute 'confers the maximum jurisdiction permissible consistent with the Due Process Clause . . . the first, statutory, inquiry effectively collapses into the second, constitutional, analysis.'" *Dudnikov*, 514 F.3d at 1070.

The Supreme Court of the United States has distinguished between two kinds of

personal jurisdiction: general (sometimes called all-purpose) jurisdiction and specific (sometimes called case-linked) jurisdiction. *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021).  A state court may exercise general jurisdiction over any claims against defendants who are "essentially at home" in the state. *Id.*  This is true when an individual is domiciled in the state or when a corporation is incorporated or has its principal place of business there. *Id.*; *Hood v. Am. Auto Care, LLC*, 21 F.4th 1216, 1221 (10th Cir. 2021).

Defendant claims that this Court may not exercise general jurisdiction over it because Defendant is not incorporated in Colorado. *Motion* [#12] at 7.  However, Defendant was a registered Colorado corporation from October 2020 until March 2022, both at the time when the alleged wrongdoing occurred and when the present action was filed in this Court. *Am. Compl.* [#5] at 1 ¶ 2; *Decl. of Kumar Kolin* [#12-1] at 2 ¶ 6; *Def.'s Ex. B, Colorado 2020 Filing* [#12-3] at 2; *Def's Ex. C, Colorado 2022 Articles of Dissolution* [#12-4] at 2.  Defendant claims that it did not intend to incorporate in Colorado and that its incorporation in Colorado was "accidental" and "erroneous," and, therefore, its Colorado incorporation is not sufficient to establish general jurisdiction.[2] *Motion* [#12] at 3, 9; *Reply* [#14] at 2-3.  Further, Defendant contends that where a corporation incorporates in two separate states as Defendant had done, the corporation is a citizen of only the original state of incorporation for jurisdictional purposes. *Reply* [#14] at 3-5.

Section 1332(c)(1) of the United States Code makes it clear that a corporation is

---

[2] Defendant states that the "accidental" incorporation occurred in October of 2020, when Khara Campbell, Defendant's employee, was working remotely in Colorado during the pandemic and erroneously filed a form creating a new Colorado corporate entity. *Motion* [#12] at 3.

a citizen of <u>every</u> state by which it has been incorporated.  28 U.S.C. § 1332(c)(1).  The statute contains no "intent" requirement.  See 28 U.S.C. § 1332(c).  Defendant cites no authority in support of its contention that a party's intent is relevant to the determination of where an entity is incorporated.  Defendant cites cases from 1861 and 1912 to support its assertion that a corporation that has incorporated in two states is a citizen of only the first one.  Reply [#14] at 4-5 (citing Ohio & Miss. R.R. Co. v. Wheeler, 66 U.S. 286 (1861); Mo. Pac. R.R. Co. v. Castle, 224 U.S. 541 (1912)).  Regardless of whether this was previously the law, recent cases have confirmed that the language of the statute means that, for purposes of jurisdiction, a corporation is considered a citizen of every state where it is incorporated.  See, e.g., Tinner v. Farmers Ins. Co., 504 F. App'x 710, 713 (10th Cir. 2012); Douse v. Metro Storage, LLC, 770 F. App'x 550, 550-51 (11th Cir. 2019).  Even though Defendant was also incorporated in another state, the Court finds that the exercise of general personal jurisdiction over Defendant in Colorado is proper because Defendant was incorporated in Colorado at all times relevant to this lawsuit.  See Ford Motor Co., 141 S. Ct. at 1024; Hood, 21 F.4th at 1221.

Accordingly, the Court **recommends** that the Motion [#12] be **denied** to the extent asserted under Fed. R. Civ. P. 12(b)(2).

**B.     Fed. R. Civ. P. 12(b)(6)**

    **1.     Intentional Interference with Contracts**

Plaintiff's First Claim for Relief is for intentional interference with existing contractual relationships.  Am. Compl. [#5] at 9 ¶ 41.  Colorado recognizes the tort of intentional interference with contracts.  See, e.g., Mueller v. Swift, No. 15-cv-1974-

WJM-KLM, 2017 WL 2362137, at *6 (D. Colo. May 31, 2017) (citing *Mem'l Gardens, Inc. v. Olympian Sales & Mgmt. Consultants, Inc.*, 690 P.2d 207, 210 (Colo. 1984)). "The tortious conduct occurs when the defendant, not a party to the contract, induces the third party to breach the contract, or interferes with the third party's performance of the contract." *Colo. Nat'l Bank of Denver v. Friedman*, 846 P.2d 159, 170 (Colo. 1993).

To sufficiently plead a claim for intentional interference with contracts, Plaintiff is required to include facts in its Amended Complaint [#5] that plausibly allege: (1) the existence of a contractual relationship between Plaintiff and a third party; (2) Defendant knew or reasonably should have known of the contract; (3) Defendant intentionally and improperly interfered with that contract; (4) Defendant's conduct caused the breach or non-performance of the contract by the third party; and (5) Plaintiff suffered damages as a result. *Swift*, 2017 WL 2362137, at *7 (citing *Arapahoe Surgery Ctr., LLC v. Cigna Healthcare, Inc.*, 171 F. Supp. 3d 1092, 1120 (D. Colo. 2016)). Here, Defendant's arguments are directed at the third element. *See Motion* [#12] at 13-15; *Response* [#13] at 14-15; *Reply* [#14] at 8.

Defendant argues that because the contracts in question were terminable at will, in order to survive a motion to dismiss, Plaintiff must have pled that Defendant's purported interference with Plaintiff's contracts was not only intentional but also "improper" conduct. *Motion* [#12] at 14. Improper conduct is defined as that which is "independently wrongful." *Orr v. BHR, Inc.*, 4 F. App'x 647, 651 (10th Cir. 2001) (quoting *Murray v. Ray*, 862 S.W.2d 931, 935 (Mo. Ct. App. 1993)). "Wrongful means" constitutes impermissible interference with contracts terminable at will. *Harris Grp., Inc. v. Robinson*, 209 P.3d 1188, 1197

(Colo. App. 2009). "Wrongful means" includes conduct that is illegal or capable of forming the basis of liability for the actor. *Amoco Oil Co. v. Ervin*, 908 P.2d 493, 502 n.6 (Colo. 1995).

Plaintiff asserts that Defendant's conduct was illegal because it violated the laws of Argentina, where the conduct occurred. *Am. Compl.* [#5] at 6 ¶ 27. Plaintiff states that foreign entities conducting business in Argentina on a regular basis as Defendant does are required to register in Argentina pursuant to Argentine General Companies Law No. 19,550, yet Defendant has allegedly failed to do so. *Id.* at 3 ¶¶ 9-10. Additionally, Defendant allegedly avoids Argentinian labor and tax laws by being unregistered and not withholding taxes and mandatory social security contributions. *Id.* at 4 ¶¶ 15, 17. Further, Defendant pays its Argentinian resident employees in U.S. dollars, purportedly contravening Argentinian transfer and conversion laws. *Id.* at 4, 6 ¶¶ 19, 27. Defendant does not assert that these allegations are incorrect statements of Argentinian law. Because Plaintiff adequately alleges at this early stage of the case that Defendant used illegal enticements to lure its employees to terminate their employment contracts, the Court finds that Plaintiff's allegations sufficiently state a claim for tortious interference with contract even if the contracts were terminable at will. *Harris Grp., Inc.*, 209 P.3d at 1197; *Amoco Oil Co.*, 908 P.2d at 502 n.6. The Court therefore **recommends** that Defendant's request to dismiss the intentional interference with contracts claim be **denied**.

**2.     Unjust Enrichment**

Plaintiff's Second Claim for Relief asserts unjust enrichment. *Am. Compl.* [#5] at 10. To state a claim for unjust enrichment, Plaintiff must allege that Defendant received

–8–

a benefit at Plaintiff's expense, under circumstances that would make it unjust for Defendant to retain the benefit. *Scott v. Scott*, 428 P.3d 626, 636 (Colo. App. 2018). Defendant argues, without citing any legal authority, that Plaintiff's unjust enrichment claim should be dismissed because it is predicated on the misguided theory that if a worker leaves Company A for Company B, then Company B has been unjustly enriched because of the time and effort it took Company A to train the worker. *Motion* [#12] at 14.

"To establish a claim of unjust enrichment, a plaintiff must show that (1) at plaintiff's expense (2) defendant received a benefit (3) under circumstances that would make it unjust for defendant to retain the benefit without paying." *Van Zanen v. Qwest Wireless, L.L.C.*, 522 F.3d 1127 (10th Cir. 2008) (internal quotations and citations omitted). Here, Plaintiff alleges that Defendant received the benefit of Plaintiff's expertise and training, and Defendant continues to benefit from using unlawful compensation practices to entice workers to leave Plaintiff's employment and use their skills, experience, and training to benefit Defendant. *Am. Compl.* [#5] at 10.  Plaintiff points out that this is not a typical situation in which two businesses compete lawfully to hire qualified employees; rather, Defendant is purportedly using illegal means to entice Plaintiff's employees to work for Defendant. *Response* [#13] at 15.  At this early stage of the case, the Court finds that Plaintiff's factual allegations regarding Defendant's illegal practices to hire away Plaintiff's employees are sufficient to state a claim for unjust enrichment.  *Id.* at 3-8 (explaining Argentinian business registration laws and currency regulations and listing Plaintiff's former employees who had been hired by Defendant by contravening those laws and

paying them illegally).  The Court therefore **recommends** that Defendant's request to dismiss the unjust enrichment claim be **denied**.

Accordingly, the Court **recommends** that the Motion [#12] be **denied** to the extent asserted under Fed. R. Civ. P. 12(b)(6).

## IV.  Conclusion

For the foregoing reasons, the Court respectfully **RECOMMENDS** that the Motion [#12] be **DENIED**.

IT IS **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P.  72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review.  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: September 23, 2022

BY THE COURT:

/s/ Kristen L. Mix

Kristen L. Mix
United States Magistrate Judge